IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Denzel Devon Vandiver, | ) | Case No 6:21-cv-01770-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Alorica Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's Motion for Leave to Proceed in Forma Pauperis filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  ECF No. 4.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report").  On June 25, 2021, the Magistrate Judge issued a Report recommending that the Motion for Leave to Proceed in Forma Pauperis be denied.  ECF No. 19.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  Plaintiff has not filed objections to the Report and the time to do so has lapsed.

**APPLICABLE LAW AND ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

In the Report, the Magistrate Judge recommends denying the Motion for Leave to Proceed in Forma Pauperis based on a three-factor test set forth in *Carter v. Telectron, Inc.*, 452 F. Supp. 939 (S.D. Tex. 1976) (using three legal tests to determine whether a person should proceed in forma pauperis under 28 U.S.C. § 1915). The *Carter* test considers whether a plaintiff "is barred from Federal Courts by reason of impecunity"; whether "access to the courts blocked by the imposition of an undue hardship"; and whether a plaintiff is "forced to contribute his last dollar, or render himself destitute to prosecute his claim." *Carter*, 452 F. Supp. at 943. This Court has discretion to grant or deny the Motion for Leave to Proceed in Forma Pauperis. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980).

According to Plaintiff's application, Plaintiff states his yearly income is $29,100 and he has $20,903 in a checking or savings account. ECF No. 4 at 2. Plaintiff states he has

monthly expenses totaling $25 for credit card payments. *Id.* Plaintiff does not list any dependents or any other financial obligations. *Id.* Thus, the Court finds that Plaintiff would not be rendered destitute by paying the filing fee of $402.00, nor is there any indication that requiring payment of the filing fee would impose an undue hardship or effectively block Plaintiff's access to the courts.

## CONCLUSION

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of the Magistrate Judge. The Motion for Leave to Proceed in Forma Pauperis [4] is **DENIED**. Plaintiff is **DIRECTED** that he may pay the filing fee of $402.00 (consisting of the $350.00 filing fee and the $52.00 administrative fee set by the Judicial Conference) within fourteen days of the date of this order, in which case this matter shall be referred back to the Magistrate Judge for further review. If Plaintiff chooses not to pay the filing fee by that time, this matter shall be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>
United States District Judge

August 9, 2021<br>
Spartanburg, South Carolina